**WRIT CORRECTION – PLEASE DISREGARD PREVIOUS WRIT DISPOSITION ISSUED**

STATE OF LOUISIANA

VERSUS

MAURICE HONOR

NO. 24-KH-499

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

January 17, 2025

Linda Wiseman
First Deputy Clerk

**IN RE** MAURICE HONOR

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT, PARISH OF ST JAMES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE STEVEN C. TUREAU, DIVISION "D", NUMBER 73,61

---

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

## WRIT GRANTED

This matter is before us for the second time on the request of Maurice Honor seeking redress from the trial court's alleged failure to act on his pending application for post-conviction relief. In this application, Mr. Honor requests that a default judgment be entered in his favor on his Second or Successive Application for Post-Conviction Relief (the "April 2024 APCR"),[1] which he filed on April 9, 2024 (No.

---

[1] Although Mr. Honor has captioned and referred to his APCR as his "second or successive" APCR, in reality, the APCR at issue in this matter is Mr. Honor's *third* APCR. Mr. Honor's first APCR (the "First APCR") was filed on October 19, 2020 and was denied by the district court on December 29, 2020. Following the denial of his First APCR, Mr. Honor, on February 11, 2021, filed a Motion for Leave to Supplement his First APCR, which was granted by the district court. This "supplement" to Mr. Honor's first APCR was actually his *second* APCR because the first had already been denied by the district court prior to the filing of the supplement (the "Supplemental APCR"). The district court denied the Supplemental APCR by Judgment dated January 9, 2022. Prior to the entry of the January 9, 2022 Judgment, however, Mr. Honor had filed an Application for Supervisory Writs in this Court (No. 22-KH-35) seeking a writ of mandamus directed to the district court, ordering the district court to rule on the Supplemental APCR. This application was denied as moot on March 8, 2022. On April 27, 2022, this Court also denied Mr. Honor's application for supervisory writs (No. 22-KH-96) on the merits of the district court's denials of his First and Supplemental APRCs. Mr. Honor then applied to the Louisiana Supreme Court for supervisory writs from the decisions of this Court and the district court (22-KH-00823). In a *per curiam* opinion, the Louisiana Supreme Court denied writs on September 20, 2022, stating:

16-F-7361 on the docket of the 23rd JDC) and/or that this Court hold the district court in contempt of this Court's Order of August 21, 2024 (No. 24-KH-366 on the docket of this Court). We treat this as an application for supervisory writs, which is granted for the reasons and as set forth below.

On April 9, 2024, Mr. Honor purportedly filed the Second APCR in the district court. Our review of the district court's unofficial electronic record reveals that, although the April 2024 APCR is listed in the record as having been filed on April 9, 2024, no pleading actually appears in the unofficial electronic record (or, as discussed *infra,* in the official record, as the district court informed this Court in its November 15, 2024 Letter, as hereafter defined).

On August 12, 2024, Mr. Honor filed an application to this Court seeking a writ of mandamus ordering the district court to rule on his April 2024 APCR. Attached to Mr. Honor's August 12, 2021 application was an APCR, which Mr. Honor represented to this Court was a copy of his April 2024 APCR that he claimed to have filed in the district court. On August 21, 2024, we granted Mr. Honor's application in Docket No. 24-KH-366 for the limited purpose of ordering the district court to rule on Mr. Honor's April 2024 APCR within thirty (30) days of our order and to notify this Court of its ruling within the same time delay (the "August 21, 2024 Ruling"). The district court did not rule on Mr. Honor's April 2024 APCR within 30 days pursuant to our August 21, 2024 Ruling.

Apparently, in compliance with the Louisiana Supreme Court's *per curiam* of September 20, 2022 -- although belatedly -- the district court, on October 15, 2024, filed a minute entry into the record of the 23rd JDC proceedings, denying Mr.

---

Applicant's claims have not been fully litigated in accord with La. C.Cr.P. art. 930, and this denial is final…[U]nless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, applicant has exhausted his right to state collateral review.

Honor's April 2024 APCR on the ground that, as found by the Supreme Court, he had exhausted his state post-conviction claims. Neither this Court nor Mr. Honor was served with this minute entry.

On October 16, 2024, Mr. Honor filed in this Court the instant Motion for Default Judgment and/or Contempt of Court, which, as stated above, we are treating as an application for supervisory writs (the "Second Application"). In the Second Application, Mr. Honor alleges that the district court failed to comply with this Court's August 21, 2024 Ruling.

Without our having ruled on Mr. Honor's Second Application, the district court, on November 15, 2024, sent correspondence to this Court (the "November 15, 2024 Letter") stating that, although the unofficial electronic records of the 23rd JDC reflect that Mr. Honor filed the April 2024 APCR, that pleading does not appear either in the unofficial electronic record or the "formal hard file" -- *i.e.,* the official record. The November 15, 2024 Letter further stated that the district court had contacted the Clerk of this Court, who had provided the district court a copy of the August 12, 2024 Writ of Mandamus filed in this Court, to which a copy of the April 2024 APRC was attached. The district court in its letter pointed out that the copy of the April 2024 APRC that is attached to the Application for Writ of Mandamus did not contain any official filed date stamp by the Clerk of the 23rd JDC.

In the November 15, 2024 Letter, the district court went on to set out the history of Mr. Honor's case post-conviction. The November 15, 2024 Letter concludes by stating that any delays in responding to our August 21, 2024 Ruling were the result of there being no official hard copy of the April 2024 APCR in the district court's record, nor any indication that the district court had actually received the April 2024 APCR. Nevertheless, the district court stated that it had reviewed the copy of the April 2024 APCR that was attached to the Application for Writ of Mandamus (which, as stated, was presented to us by Mr. Honor as the APCR that he

3

had filed on April 9, 2024) and had entered Judgment based on that copy. A copy of the district court's Judgment, dated November 5, 2024 (the "November 5, 2024 Judgment"), denying Mr. Honor's April 2024 APCR, was attached to the November 15, 2024 Letter. The district court's November 5, 2024 Judgment was not separately filed into the record in this proceeding; nor is there any indication that Mr. Honor was served with the November 5, 2024 Judgment. The district court's November 5, 2024 Judgment was not entered into the district court's unofficial electronic record until January 13, 2025.

Against that backdrop, we grant the Second Application and order as follows:

(1) We treat the district court's November 15, 2024 Letter as a *per curiam* and order it filed in this Court's official record of this matter.

(2) The district court shall file the November 15, 2024 letter in its official record of this case and shall serve Mr. Honor with a copy of the November 15, 2024 Letter, together with all attachments, within ten (10) days of this writ disposition.

(3) The district court's November 5, 2024 Judgment is **VACATED.**

(4) The Clerk of this Court is ordered to provide the Clerk of the 23rd JDC with a copy of the April 2024 APCR which was attached to the Second Application filed under Docket No. 24-KH-366 within fifteen (15) days of the date of this writ disposition. Upon receipt of the copy of the April 2024 APCR from the Clerk of this Court, the Clerk of the 23rd JDC shall file the April 2024 APCR into the official record of this matter and shall ensure that a copy of the April 2024 APCR also appears in the unofficial electronic record of this proceeding and shall notify this Court once the April 2024 APCR has been so filed into the district court record.

(5) This Court will not entertain any objection from Mr. Honor to the filing into the district court record of the copy of the April 2024 APCR, since

4

Mr. Honor has represented to this Court that the copy of the April 2024 APCR that was attached to his Second Application, and which is being filed in the district court record, is the APCR that he purportedly filed in the district court on April 9, 2024.

(6) Once the April 2024 APCR has been filed into the official and unofficial electronic records of the 23rd JDC, as ordered herein, the district court shall rule on Mr. Honor's April 2024 APCR within fifteen (15) days of the entry of the April 2024 APCR into the record.

(7) The district court shall serve a copy of its ruling on Mr. Honor's April 2024 APCR and the reasons therefor on this Court and on Mr. Honor at the facility in which he is incarcerated.

For these reasons, the application is Granted.

Gretna, Louisiana, this 17th day of January, 2025.

**FHW**
**SMC**
**JGG**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **01/17/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-KH-499**

### E-NOTIFIED
23rd Judicial District Court (Clerk)
Hon. Jessie M. LeBlanc (DISTRICT JUDGE)
Honorable Steven C. Tureau (DISTRICT JUDGE)
No Attorney(s) were ENOTIFIED

### MAILED
Honorable Ricky L. Babin (Respondent)
District Attorney
Post Office Box 66
Convent, LA 70737

Maurice Honor #486190 (Relator)
Rayburn Correctional Center
27268 Highway 21
Angie, LA 70426